UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LORI D. LANGEN, | ) |
| | ) |
| PETITIONER, | ) |
| | ) |
| v. | )   13-3339 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| RESPONDENT. | ) |

OPINION

This cause is before the Court on Respondent the United States of America's Motion to Dismiss Petitioner Lori D. Langen's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 3).  The Motion is GRANTED.  Petitioner Lori D. Langen waived her right to collateral attack.  Petitioner's Motion (d/e 1) is DISMISSED.

I.   BACKGROUND

On June 20, 2012, Petitioner appeared in front of Magistrate Judge Byron G. Cudmore and pleaded guilty pursuant to a written Plea Agreement to three counts of distributing a controlled substance, namely, methadone, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).  The

parties duly executed the Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and agreed to a sentence of 120 months' imprisonment, 3 years' supervised release, no fine, and the $300 mandatory special assessment. See Case No. 12-30041, d/e 12 at ¶ 19. Defendant also agreed that she may be ordered to make restitution and waived her appeal rights and right to collateral attack. See Case No. 12-30041, d/e 12 at ¶¶ 13, 15-17.

Following Petitioner's change of plea hearing, Judge Cudmore issued a Report and Recommendation on the guilty plea. See Case No. 12-30041, d/e 15.  The Court initially deferred accepting Petitioner's guilty plea to all three counts of the Indictment until the Court had reviewed the Presentence Investigation Report.  On November 30, 2012, the Court accepted Judge Cudmore's Report and Recommendation and adjudged Petitioner guilty on all three Counts in the Indictment.  See Case No. 12-30041, Text Order.  On December 3, 2012, the Court imposed the agreed upon sentence of 120 months' imprisonment and 3 years' supervised release.  The Court also ordered Petitioner to pay the

$300 mandatory special assessment and an agreed upon restitution amount of $10,221.42.

On September 23, 2013, Petitioner filed a Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody.  See d/e 1.  In her Petition, Petitioner alleges that her defense counsel performed ineffectively by failing to file a notice of appeal after sentencing; failing to challenge the amount and purity of the drug attributed to Petitioner; incorrectly informing Petitioner that she faced no more than five years' imprisonment; and failing to challenge the Court's restitution Order.  Petitioner also alleges that she wrongly received a sentencing enhancement for her role in the death of Crystal Crouse.

## II.  ANALYSIS

In the Plea Agreement, Petitioner waived her right to appeal from her conviction and sentence.  See Case No. 12-30041, d/e 12 at ¶¶ 15, 17.  Petitioner also clearly waived her right to collateral attack.  See Case No. 12-30041, d/e 12 at ¶¶ 16, 17.

Valid waivers of the right to collateral attack are enforced with limited exceptions for cases in which the plea agreement was involuntary, the district court relied on a constitutionally impermissible factor at sentencing such as race, the sentence exceeded the statutory maximum, or the defendant claims ineffective assistance of counsel in connection with the negotiation of the plea agreement.  Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011).

In the instant Petition, Petitioner does not allege that defense counsel rendered ineffective assistance in connection with the negotiation of Petitioner's plea agreement, that Petitioner entered into the plea agreement involuntarily, that the sentence exceeded the statutory maximum, or that the District Court relied on an impermissible factor at sentencing.  Therefore, the instant collateral attack falls within the scope of Petitioner's waiver.

Moreover, even if Petitioner had challenged counsel's effectiveness or the voluntariness of her plea or waiver of right to collateral attack, Petitioner stated in her plea hearing that she understood the ramifications of her guilty plea, understood that she had waived the right

to collateral attack, and that she was satisfied with counsel's performance. Plea Hearing Audio Recording at 2:07:58, 2:09:50, 2:18:36, and 2:28:15 PM. Such voluntary responses made by a defendant when entering a guilty plea are binding and entitled to a presumption of verity. See United States v. Martinez, 169 F.3d 1049, 1054 (7th Cir. 1999) (placing great weight on plea hearing statements and crediting those statements over the defendant's later claims of ineffective assistance of counsel).

Furthermore, in the Petition, Petitioner challenges her sentence based on an "enhancement" Petitioner received for the death of Crystal Krouse. Petitioner did not, however, receive an enhancement for the death of Crystal Krouse. Instead, in the Plea Agreement, Petitioner agreed to a sentence and conceded that Crystal Krouse's death was a relevant factor for sentencing purposes under 18 U.S.C. § 3553(a) and U.S.S.G. § 5K2.1. See Case No. 12-30041, d/e 12 at ¶ 20. Later, the Court imposed the parties' agreed upon sentence of 120 months' imprisonment, 3 years' supervised release, and the $300 mandatory

special assessment.  Petitioner and the Government also agreed that Petitioner would make $10,221.42 in restitution.

Petitioner faced up to 60 years' imprisonment, a $1,000,000 fine, a mandatory minimum 3 years' supervised release, and the mandatory $300 special assessment.  The agreed to 120 months' imprisonment, 3 years' supervised release, $10,221.42 in restitution, and the $300 mandatory special assessment are clearly within the statutory maximums, and, therefore, proper.

Petitioner has waived her right to collateral attack.  Therefore, the Government's Motion to Dismiss (d/e 3) is GRANTED.  Petitioner's Petition (d/e 1) is DISMISSED and no Certificate of Appealability shall issue.  THIS CASE IS CLOSED.

IT IS SO ORDERED.

ENTER: October 25, 2013

FOR THE COURT:              s/ Sue E. Myerscough
                            SUE E. MYERSCOUGH
                            UNITED STATES DISTRICT JUDGE